| | |
|---|---|
| BRUCE SMITH, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRIORITY BACKGROUND SOLUTIONS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, Bruce Smith, on behalf of himself and all similarly situated individuals, and for his Class Action Complaint against the Defendant, he states as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff Bruce Smith (the "Plaintiff") brings this class action against Defendant Priority Background Solutions, Inc. ("Priority", or "Defendant") to obtain relief for himself and the class he proposes to represent for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

2. Defendant operates as a nationwide consumer reporting agency ("CRA"), preparing and furnishing consumer reports for employment and other purposes. Defendant sells these consumer reports to prospective and existing employers.

3. Defendant falsely reported to Plaintiff's potential employer that Plaintiff was associated with a felony conviction for burglary. This reporting is egregiously inaccurate and entirely false.

4. Plaintiff has never been charged or convicted of a felony in his life.

5. Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Defendant publishing inaccurate and derogatory information regarding Plaintiff and the putative class members.

6. Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers seeking employment by prejudicing their employers with inaccurate criminal record information. As a result of Defendant's conduct, action, and inaction, Plaintiff bring a class claim against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA.

7. Plaintiff also alleges a class claim pursuant to 15 U.S.C. § 1681k against Defendant because it did not provide him and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers with immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer reporting agency to obtain and, as appropriate, correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them with the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long-standing requirements denied Plaintiff and each putative class member these important rights.

## II. JURISDICTION & VENUE

8. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) because a substantial

2

Case 5:25-cv-00086-KDB-SCR    Document 1    Filed 06/12/25    Page 2 of 16

part of the events or omissions giving rise to Plaintiff's claims occurred in this District, Defendant has harmed Class Members residing in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action. Further, the primary torts and injuries originated and occurred in this District.

### III. PARTIES

9. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

10. Plaintiff resides in Iredell County, North Carolina.

11. Priority is a domestic corporation headquartered in Salisbury, North Carolina. Priority does business in North Carolina through its registered agent, Brenton Patterson, located at 906 N. Shaver St., Salisbury, NC 28144.

12. Priority is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

13. Priority sells "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B).

14. Priority investigates and reviews public record and private databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

15. From its files, Priority sells consumer reports to potential employers wishing to review the criminal record history, or lack thereof, of various job applicants or employees.

16. Priority offers customers the possibility of using its screening service both to screen applicants for employment, as well as to screen current employees—either on a recurring basis, or in connection with a promotion or transfer to a different role.

## IV. FACTUAL ALLEGATIONS

### A. The Statutory Background Regarding FCRA Claims.

17. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec. 2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA in 1970 to ensure the "confidentiality, accuracy, relevancy, and proper utilization" of credit reports. 15 U.S.C. § 1681(b). This section imposes a high, and often disregarded, standard on consumer reporting agencies. *See, e.g., Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b), and explaining that "'assure' means 'to make sure or certain: put beyond all doubt,'" "'[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived.'" (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993)).

18. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including § 1681e(b), one of the cornerstone provisions of the FCRA. Whenever a consumer reporting agency prepares a consumer report, § 1681e(b) requires the CRAs like Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

19. Defendant is a CRA and is charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information it reports. Defendant fell short of that duty here, as it reported inaccurate and defamatory information in a background check regarding Plaintiff.

4

20. The Consumer Financial Protection Bureau has noted, "experience indicates that [consumer reporting agencies] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

21. Statutes like the FCRA provide consumers with the only mechanism by which they can force consumer reporting agencies like Defendant to report accurate information about them.

22. Plaintiff also asserts claims against Defendant under 15 U.S.C. § 1681k(a), because Defendant provided Plaintiff's prospective employer with a consumer report containing inaccurate and defamatory information likely to adversely affect Plaintiff's ability to obtain employment without providing Plaintiff with notice at the time it provided the report to a prospective employer.

23. When a CRA furnishes a consumer report for employment purposes and that consumer report contains matters of public record which are likely to have an adverse effect on the consumer's ability to obtain employment, the CRA is required to either notify the consumer of the fact that public record information is being reported by the CRA *at the time the CRA reports that public record information*, pursuant to § 1681k(a)(1), or maintain *strict* procedures, pursuant to § 1681k(a)(2), designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. 15 U.S.C. § 1681k(a).

24. Defendant does not maintain any procedure by which it ensures that the information it reports to its customers is complete or up to date. Defendant cannot rely on this option for complying with 15 U.S.C. § 1681k(a).

25. Therefore, in order to comply with § 1681k(a), Defendant is required to notify the consumer of the fact that public record information is being reported by the CRA *at the time the*

5

*CRA reports that public record information,* together with the name and address of the person to whom the information is being reported. See 15 U.S.C. § 1681k(a).

26. Defendant does not supply contemporaneous notice to consumers about whom it has sold a report containing adverse employment information to a third party. Defendant did not provide contemporaneous notice when it sold the report attributing an inaccurate criminal history to Plaintiff, and it did not provide contemporaneous notice when it sold reports regarding the putative class members.

**B.    Facts Regarding Plaintiff Bruce Smith's Experiences**

27. In June 2023, Plaintiff applied for employment with Reblee, Inc., d/b/a Allegiance Staffing ("Allegiance") by submitting an application at the Allegiance branch in Mooresville, NC.

28. After Plaintiff completed the employment application and interview, on or about June 15, 2023, Allegiance subjected Plaintiff to a drug screening test and a background check.

29. Plaintiff successfully passed the drug screening test.

30. On or about June 18, 2023, Priority created a consumer report about Plaintiff and delivered it to Allegiance.

31. Upon information and belief, Priority created the report regarding Plaintiff using only his first and last name, and his day and month of birth, as the required criteria for associating criminal records with Plaintiff.

32. Priority had access to additional personally identifiable information regarding Plaintiff that it could have used to narrow the search criteria and increase the accuracy of the reports.

33. The report that Priority provided to Allegiance contained a criminal record "hit" attributed to Plaintiff.

6

34. The criminal conviction public record that Priority attributed to Plaintiff did not belong to him. Instead, it concerned one or more different individuals with a similar name that were entirely unrelated to Plaintiff.

35. For example, Priority wrongfully reported in its consumer report that Plaintiff was associated with a felony conviction for burglary. The conviction wasn't for Plaintiff but was for a different person with the same first and last names from another state.

36. Priority highlighted the criminal record on the report with the results in red lettering, indicating an adverse result.

37. This criminal conviction public record was likely to have an adverse effect on the Plaintiff's ability to obtain or maintain employment.

38. Plaintiff never received a letter or any other communication from Priority "at the time" that his report was furnished to Allegiance.

39. Despite providing a report for employment purposes containing public record information likely to have an adverse effect upon Plaintiff's ability to obtain or maintain employment, Priority failed to provide them with notice "at the time" that it made the report containing the public record information, together with the name and address of the person(s) to whom such information was being reported.

40. Priority is not the type of entity that can avail itself of the compliance option set forth at 15 U.S.C. § 1681k(a)(2). This section can only be applicable if Priority had in place—before any report was furnished—strict procedures designed to ensure that it did not furnish or include in its reports any public records for which it did not receive, possess, or provide the complete and up-to-date public record.

41. A § 1681k(a)(2) option is not available to Priority because the public records it

furnishes to third parties are summaries, indexes, or partial records that it obtains from its sources. Priority never furnishes the complete and up-to-date public record. For example, Priority does not use an SSN field for the public records it includes in its consumer reports, and even in the instances in which its database index picked up an SSN field, it strips out this field before providing the report to its customers. Similarly, Priority uses a "date of birth" field that includes the day and month but strips out birth years. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

42. In accordance with its standard procedure, Priority purchased or obtained criminal records in bulk and thus without the identifying information, such as social security numbers or full dates of birth.

43. In creating and furnishing Plaintiff's consumer report, Priority failed to follow reasonable procedures to assure that the reports it furnished were as accurate as maximally possible. For example, Priority allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state at a different address within Plaintiff's consumer reports.

## V. CAUSES OF ACTION

### COUNT I
### FCRA § 1681e(b) – Class Claim

44. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681e(b) Class") defined as follows:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database showed that the report contained at least one inaccurate criminal record "Hit"; (c) where Defendant used matching criteria to create the report that did not include one or more of the following: full names including a middle name or initial, full dates of birth, or at least four digits of an associated social security number; (d) the Hit in Defendant's

8

database did not match the original court record as to one or more of the following: full name including a middle name or initial, full date of birth, or at least four digits of an associated social security number; (e) within the five-year period preceding the filing of this action and during its pendency.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

45. Plaintiff alleges an alternate sub-class as follows:

All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database indicates that it was furnished for an employment purpose; (c) where Defendant's database showed that the report contained at least one adverse criminal record "Hit" from a jurisdiction from which Defendant does not obtain one or more of the following: full names including a middle name or initial, full dates of birth, or at least four digits of an associated social security number; (d) the Hit in Defendant's database did not match the original court record as to one or more of the following: full name including a middle name or initial, full date of birth, or at least four digits of an associated social security number; (e) within the five year period preceding the filing date of this Complaint and during its pendency.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this Action.

46. Plaintiff incorporates his prior allegations and estimates that the classes are so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

47. Upon information and belief, Defendant does not maintain reasonable procedures to assure maximum possible accuracy of the information when Defendant creates a report about an individual. Upon information and belief, Defendant uses inappropriately loose matching criteria when creating consumer reports, for example, by: not using full birth dates, full names including middle names or initials, or even partial social security numbers in its matching criteria. Upon

information and belief, this conduct is consistent and uniform across time, jurisdictions, and consumers.

48. There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members. For example, and without limitation: (1) whether Defendant's conduct and procedures were uniform to the class members; (2) whether Defendant's conduct violated § 1681e(b) by reporting criminal histories belonging to individuals other than the subjects of the reports; (3) whether Defendant maintained reasonable procedures designed to avoid violations of § 1681e(b); (4) whether Defendant's conduct was willful or negligent violation; and (5) the appropriate amount of damages to be awarded to each consumer. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

49. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories. Defendant failed to maintain reasonable procedures to assure maximum possible accuracy of the information that Defendant used in creating consumer reports regarding the proposed class members. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claim rises or falls.

50. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor Plaintiff's counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

51. Certification of classes under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk

10

of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

52. Certification of classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

53. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

54. Defendant's failure to maintain reasonable procedures designed to assure maximum possible accuracy of the information that Defendant reported regarding consumers, in

violation of 15 U.S.C. § 1681e(b).

55. Defendant's conduct, action, and inaction were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. Plaintiff and the putative class members are entitled to recover costs and attorneys' fees, as well as appropriate equitable relief, from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each class member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

## COUNT II
### FCRA § 1681k(a)(1) – Class Claim

58. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

59. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681k Class") defined as follows:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's database indicates that the report was furnished for an employment purpose; (c) where Defendant's database showed that the report contained at least one adverse criminal record "Hit"; (d) within the five year period preceding the filing of this action and during its pendency.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

60. Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

61. Upon information and belief, Defendant does not send the required notices to any consumer at the time that it provides an employment-purposed consumer report to an end-user that contains public record information that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment. Upon information and belief, this conduct is consistent and uniform across time, jurisdictions, and consumers.

62. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. For example, and without limitation: (1) whether Defendant's conduct and procedures were uniform to the class members; (2) whether Defendant sent the required notices; (3) if the notices where sent, when they were placed in the mail; and (4) whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

63. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories. Defendant routinely failed to send the required notices during the full class period. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claim rises or falls.

64. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers

and class actions. Neither Plaintiff nor Plaintiff's counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of their responsibilities to the putative class and has accepted such responsibilities.

65. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

66. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

67. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in

14

federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

68. Defendant's failure to timely provide the required FCRA notices to Plaintiff and the putative class members violated 15 U.S.C. § 1681k(a)(1).

69. Defendant's conduct, action, and inaction were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. Plaintiff and the putative class members are entitled to recover costs and attorneys' fees, as well as appropriate equitable relief, from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each class member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

2. Actual, statutory and punitive damages to be determined by the jury;

3. Attorneys' fees;

4. Costs of the action; and

5. Such other relief, including injunctive relief, as the Court deems just and proper.

## VII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

This the 12th day of June, 2025.

Respectfully Submitted,
**PLAINTIFF,** *on behalf of himself and on behalf of all similarly situated individuals*,

/s/ Brett Dressler
Brett Dressler (NC Bar #34516)
**Sellers, Ayers, Dortch & Lyons, PA**
301 S. McDowell Street, Ste. 410
Charlotte, NC 28204
Telephone: 704-377-5050
Email: bdressler@sellersayers.com

Leonard A. Bennett, NCSB #21576
Craig C. Marchiando*
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
* *Pro hac vice forthcoming*

*Attorneys for Plaintiff*